**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Maurice FOSTER, also known as Marcus, Defendant–Appellant.**

No. 12–1292.

United States Court of Appeals, Seventh Circuit.

Submitted June 1, 2012.*

Decided June 4, 2012.

Madeleine S. Murphy, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Maurice Foster, Duluth, MN, pro se.

Before FRANK H. EASTERBROOK, Chief Judge, RICHARD A. POSNER, Circuit Judge and DIANE P. WOOD, Circuit Judge.

**Order**

Maurice Foster requested, and received, a reduction in his sentence under recent changes to the Sentencing Guidelines for crack-cocaine offenses, changes made retroactive by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

The reduction, to 292 months' imprisonment, is the maximum allowed by the Commission's amendments. Foster contends that he should have received an even lower sentence. He maintains that the district court should have reduced his criminal-history level. But retroactive changes to the Guidelines do not authorize full resentencing; they allow lower sentences only to the extent that the Sentencing Commission has specifically authorized them by amending specific Guidelines. *See Dillon v. United States,* —— U.S. ——, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). This means that a district judge cannot consider any issues other than those specified by the Commission. *See United States v. Davis,* 682 F.3d 596, 609–13, 2012 WL 1948885, at*9–11 (7th Cir. 2012). The Sentencing Commission has not made any retroactive change to the rules for determining criminal history, so

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the rec-ord, we have concluded that oral argument is unnecessary. See Fed. R.App. P. 34(a); Cir. R. 34(f).

the district court rightly declined to reduce Foster's sentence on this account.

AFFIRMED.