**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted July 3, 2012\*

Decided July 6, 2012

### Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| **No**. 11-3895 | |
| | Appeal from the United States District Court for the Southern District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| **v.** | No. 99-40013-GPM-01 G. Patrick Murphy, *Judge*. |
| TERRILL A. WALKER, *Defendant-Appellant.* | |

### Order

After the Sentencing Commission reduced the Guideline ranges for crack-cocaine offenses, and made that change retroactive, Terrill Walker applied for a reduction under 18 U.S.C. §3582(c)(2). Walker's lawyer and counsel for the United States agreed that the sentence should be reduced from 248 months to 197 months. The district judge issued a revised judgment implementing the parties' agreement.

---

\* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). Judge Rovner has been substituted for Judge Coffey, who has retired. After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Despite receiving exactly the relief he requested, Walker filed a notice of appeal. (Actually, he filed a document captioned "Abuse of Discretion", which the district clerk sensibly treated as a notice of appeal.)

The United States contends that Walker has waived any entitlement to a further reduction. That is correct; a litigant who receives the relief he requests is not aggrieved by the judgment and is not entitled to further review. Moreover, the arguments that Walker presents in his appellate brief suppose that §3582(c)(2) authorizes a full resentencing. He contends that the district judge erred by not completing all steps required for imposing an original sentence. But the Supreme Court has held that §3582(c)(2) does not authorize full resentencing, see *Dillon v. United States*, 130 S. Ct. 2683 (2010), so Walker's argument is frivolous on the merits in addition to being waived.

AFFIRMED