**UNITED STATES of America, Appellee**

**v.**

**Zachary WILLIAMS, Appellant.**

**No. 12–3011.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 18, 2013.

Roy W. McLeese, III, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Warden (Butner Low), Butner, NC, for Appellant.

Zachary Williams, Butner, NC, pro se.

Before: SENTELLE, Chief Judge, HENDERSON, and GRIFFITH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the district court and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the district court's order filed January 19, 2012, be affirmed.

Appellant *pro se* Zachary Williams was sentenced to 188 months of imprisonment in 1995. His sentence was based, in part, on the fact that Williams was in prison for committing another crime at the time he committed the instant offense. At the time Williams was sentenced, the Sentencing Guidelines allowed a sentencing court to add points to a defendant's criminal history if the instant offense was committed less than two years after the defendant had been released from prison or while the defendant was still in prison. U.S.S.G. § 4A1.1(e) (1995). The United States Sentencing Commission subsequently deleted this so-called "recency provision" through Amendment 742, which went into effect on November 1, 2010. *See* 75 Fed.Reg. 27,388 (May 14, 2010). Williams moved to amend his judgment of conviction, requesting that the district court recalculate his criminal history category in light of Amendment 742. The court denied Williams's motion after construing it as a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

As the district court correctly concluded, the Sentencing Commission did not give

Amendment 742 retroactive effect. The Supreme Court has held that the policy statement in § 1B1.10 of the Sentencing Guidelines governs whether changes to the Guidelines may be given retroactive effect. *Dillon v. United States,* —— U.S. ——, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010). Section 1B1.10(c) lists Guidelines amendments that the Sentencing Commission has determined should be given retroactive effect, but it does not include Amendment 742. U.S.S.G. § 1B1.10(c). Every other circuit to consider the issue has likewise concluded that Amendment 742 does not have retroactive effect. *See, e.g., United States v. Suchite Casasola,* 670 F.3d 1023, 1032 (9th Cir.2012); *United States v. Isaac,* 655 F.3d 148, 158 (3d Cir.2011).

Williams protests that he does not seek a reduction in sentence, but rather a criminal history reclassification within the Bureau of Prisons that would result in a less restrictive custody classification. The point remains, however, that Williams seeks retroactive application of a Guidelines Amendment that does not apply retroactively. Regardless of how his motion was styled, Williams was not entitled to relief.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.