NOT RECOMMENDED FOR PUBLICATION

File Name: 14a0394n.06

**No. 13-1496**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED
*May 30, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| FREDERICK IRVIN, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

**BEFORE:   STRANCH and DONALD, Circuit Judges; ECONOMUS[*], District Judge.**

**STRANCH, Circuit Judge.** Frederick Irvin appeals a district court order denying his motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In December 1994, Irvin pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and one count of use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). In the plea agreement, the government agreed that any sentence imposed on Irvin would be capped at the midpoint of the guideline range and that a motion for downward departure based on substantial assistance would be considered to permit the court to impose a sentence below the statutory minimum sentence.

---

[*]The Honorable Peter C. Economus, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

In providing a factual basis to support the guilty plea, the government stated that "1.5 kilograms [of crack cocaine] is the figure which results in the very high guideline calculation."

The district court turned to defense counsel and asked if "the defendant [was] in a position to stipulate to the quantity of crack cocaine," to which counsel replied, "Yes, your Honor, we'll stipulate." The court then turned to the defendant:

> THE COURT: Let me ask you briefly about that, Mr. Irvin. The government suggests here that if you were to add it all up in the course of your involvement in this offense and weigh it, there would be crack cocaine amounting to something like three and a half pounds or more. That would be 1.5 kilograms on a metric scale. Do you think the government has accurately estimated that amount of crack cocaine?
>
> A Yes, sir.

The district court accepted the guilty plea and took the plea agreement under advisement.

Using the 1994 version of the Sentencing Guidelines, the probation officer set the base offense level at 38, the highest drug quantity level. Offense level 38 at that time required a finding of 1.5 kilograms or more of cocaine base. The presentence report (PSR) suggested that Irvin was responsible for additional quantities of powder cocaine and crack cocaine which together amounted to 60,181.03 kilograms of marijuana equivalency. This figure was essentially meaningless because Irvin already qualified for the highest base offense level. Irvin did not object to the drug quantity calculated in the PSR.

At sentencing, the district court did not make any findings with regard to the drug quantity mentioned in the PSR. The court set the base offense level at 38, added seven levels under other guideline provisions, and subtracted three levels for acceptance of responsibility. With a total offense level of 42 and criminal history category III, the guideline range was 360 months to life imprisonment, plus a consecutive 60-month sentence on the firearm conviction. The government declined to move for downward departure based on substantial assistance at that

time, but reserved the issue for a possible Rule 35 motion after sentencing. The court sentenced Irvin to imprisonment for 480 months on the conspiracy count and 60 months on the firearm count for a total sentence of 540 months or 45 years.

The government later filed a Rule 35 motion requesting a reduction in Irvin's sentence due to his substantial assistance to the government. The court reduced the sentence on the conspiracy count to 216 months and added the consecutive 60-month sentence on the firearm count for a total sentence of 276 months.

Pending before us is Irvin's appeal of the district court's denial of his motion requesting a sentencing reduction under Amendment 750 to the Sentencing Guidelines. The government and defense counsel stipulated below that Irvin is eligible for a sentencing reduction and requested immediate resentencing. Their written stipulation explained that, under the reduced crack cocaine guidelines, a base offense level of 36 requires a quantity of 2.8 to 8.4 kilograms of cocaine base. A base offense level of 34 requires a quantity of 840 grams to 2.8 kilograms of cocaine base. If Irvin is responsible for less than 2.8 kilograms of crack cocaine, his base offense level would be lowered to 34, and he would be entitled to relief under § 3582(c)(2). Erring on the side of caution, the parties stipulated that the record in the case supports a drug quantity of less than 2.8 kilograms based on Irvin's stipulation to 1.5 kilograms of cocaine base at his guilty plea hearing and the lack of any additional findings on drug quantity at sentencing.

A base offense level of 34 would result in a four-level reduction from the base offense level of 38 that was applicable to Irvin at his original sentencing. Applying the same enhancements and reductions that were applied at the original sentencing, Irvin would now face a total offense level of 38, criminal history category III, which produces a guideline range of 292 to 365 months. Irvin would also be entitled to a proportional reduction from the bottom of the range based on his substantial assistance to the government. USSG § 1B1.10(b)(2)(B).

Because the court granted a forty-five percent reduction from 480 months to reach a sentence of 216 months, Irvin would now be entitled to a forty-five percent reduction from 292 months to 131 months. Adding the consecutive 60-month sentence for the firearm conviction, Irwin's total sentence would be 191 months.

The district court denied the motion for a sentencing reduction, ruling that Irwin failed to object to the drug quantity determination of 60,181.03 kilograms of marijuana equivalency stated in the PSR at the time of the original sentencing in 1995 and therefore, he admitted that higher drug quantity. The court reasoned that Irvin's stipulation to 1.5 kilograms of crack cocaine during his guilty plea hearing "conflict[ed] with his subsequent failure to object to the presentence report." In rejecting the motion for a sentencing reduction, the court "[found] that 'a finding of a specific quantity of drugs' was made when Defendant failed to object to the presentence report." The court further found that "the amount of 1.5 kilograms of crack cocaine [at the plea colloquy] was a low-end estimation made by the Government, sufficient to establish the highest base offense level of 38. It was not offered as a statement of the greatest amount Defendant could have possibly possessed."

Reviewing the district court's eligibility determination *de novo*, we reject the district court's factual findings as clearly erroneous. *See United States v. Valentine*, 694 F.3d 665, 669 (6th Cir. 2012). At the guilty plea hearing, the district court asked Irvin to stipulate to a drug quantity of 1.5 kilograms of cocaine base and Irvin did so. We see no conflict between Irvin's stipulation to the crack cocaine drug quantity at his guilty plea hearing and his position at sentencing. Furthermore, the district court made no specific findings on drug quantity at the sentencing hearing.

In *Valentine* we held that "[i]f the record indicates that there was a finding of a specific quantity of drugs, either because the original sentencing judge made a specific finding or

*because the defendant admitted to a specific quantity, then the modification court must use that quantity* and determine whether applying the retroactive amendment has the effect of lowering the Guideline range; if it does, the defendant is eligible, and the court proceeds to the second step of the Dillon analysis." *Valentine*, 694 F.3d at 670 (emphasis added). Here, Irvin admitted to a specific quantity, 1.5 kilograms of crack cocaine. The district court was required to use that figure in determining whether Irvin is eligible for a sentencing reduction under § 3582(c)(2). Had the court done so, the court would have been compelled to find, consistent with the stipulation of the parties below, that Irvin's base offense level is now 34, a four-level reduction from the base offense level that applied to him at the original sentencing.

Because Irvin is eligible for a sentencing reduction, the district court must next determine through application of the § 3553(a) factors whether a sentencing reduction is warranted. *See id.* at 669 (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). Accordingly, we REVERSE and REMAND the case to the district court for further proceedings. Because it appears that Irvin could be eligible for immediate release, we advise the district court to expedite its reconsideration of Irvin's § 3582(c)(2) motion.