**UNITED STATES of America,**
**Appellant**

v.

**Jermall WHEELER, Appellee.**

Nos. 09–3027, 09–3031.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 6, 2010.

Roy W. McLeese, III, Esquire, Assistant U.S., Courtney Gilligan Saleski, James Stephen Sweeney, U.S. Attorney's Office, Washington, DC, for Appellant.

A.J. Kramer, Federal Public Defender, Mary Manning Petras, Assistant Federal Public Defender, Office of the Federal Public Defender (FPD), Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, GARLAND, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

These appeals from judgments of the United States District Court for the District of Columbia were presented to the court, and briefed and argued by counsel. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgments of the district court be reversed and the cases remanded.

Appellees Jermall Wheeler and Gary Williams were convicted of crimes involving cocaine base and sentenced according to the United States Sentencing Guidelines. The appellees sought modification of their sentences, pursuant to 18 U.S.C. § 3582(c)(2), after the Sentencing Commission promulgated Amendment 706 to the guidelines, lowering by two levels the penalties applicable to most cocaine base offenses. *See* U.S.S.G., Suppl. to App. C, Amendment 706 (Nov. 1, 2007); *see also* U.S.S.G., Suppl. to App. C, Amendment 713 (Mar. 3, 2008) (including Amendment 706 in list of amendments that apply retroactively to previously sentenced defendants). At the hearings, the district court determined that a reduction below the two levels permitted by Amendment 706 was warranted in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), notwithstanding the

policy statement in § 1B1.10 of the Sentencing Guidelines Manual, which directs that "the court shall not reduce the defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range...." U.S.S.G. § 1B1.10 (b)(2)(a).

The government appealed the district court's sentencing determination in both cases, and the two were consolidated at the request of appellee Gary Williams. *See* Order Consolidating Cases 09–3027 and 09–3031 (July 27, 2009). The court subsequently acted on its own motion to hold the cases in abeyance pending the Supreme Court's decision in *Dillon v. United States,* —— U.S. ——, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). *See* Order Removing 09–3027 and 09–3031 from the Oral Argument Calendar (Jan. 19, 2010). In *Dillon,* the Court held that § 1B1.10 "confines the extent of the [sentencing] reduction authorized" and bars the district court from sentencing a defendant to a term that is less than the minimum of the range created by an amendment to the guidelines. 130 S.Ct. at 2691. The Court further determined that neither *Booker*'s constitutional holding nor its remedial holding applies to § 3582(c)(2) proceedings. *Id.* at 2693.

While acknowledging that *Dillon* resolved against them most of the issues raised on appeal, appellees requested argument to assert their claim that policy statement § 1B1.10 is invalid because it was promulgated in violation of 28 U.S.C. § 994(x)'s declaration that notice-and-comment requirements "shall apply to the promulgation of *guidelines* pursuant to this section." 28 U.S.C. § 994(x) (emphasis added). Appellees concede, however, that they did not raise this claim in district court. Appellees' Br. 43. Nor do their appellate briefs assert the argument, upon which they relied at oral argument,

that § 994(x) applies to policy statements as well as guidelines because it refers to "guidelines" rather than to "guidelines pursuant to subsection (a)(1)," a phraseology that § 994 uses in other places. *Compare* 28 U.S.C. § 994(x), *with id.* § 994(y). Because "issues and legal theories not asserted at the District Court level will not ordinarily be heard on appeal," *Ned Chartering & Trading, Inc. v. Republic of Pakistan,* 294 F.3d 148, 154 (D.C.Cir.2002) (internal quotation marks omitted), and "argument[s] ... raised for the first time at oral argument [are] forfeited," *United States v. Southerland,* 486 F.3d 1355, 1360 (D.C.Cir.2007), the court will not consider appellees' procedural challenge to § 1B1.10. Accordingly, in light of the Supreme Court's decision in *Dillon,* we reverse the judgments of the district court and remand these cases for sentencing-reduction proceedings consistent with § 3582(c)(2) and § 1B1.10.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41(a)(1).