NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 26, 2013[*]
Decided June 26, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1167

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:96CR30087-002 |
| RAY L. LEGG, *Defendant-Appellant.* | William D. Stiehl, *Judge.* |

**O R D E R**

Ray Legg, a federal prisoner serving a sentence for crack-cocaine convictions, appeals the denial of his amended motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on a retroactive amendment to the drug-quantity guidelines. We affirm.

In 1997 a jury found Legg guilty of, among other things, conspiracy to distribute and possess with intent to distribute crack cocaine. *See* 21 U.S.C. § 846, 841(a)(1). At sentencing

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

the district court held Legg accountable for just over 2.5 kilograms of crack and thus assigned him a base offense level of 38 (which then applied to offenses involving more than 1.5 kilograms, U.S.S.G. § 2D1.1(c)(1) (1995)). After adjustments, the court calculated a total offense level of 45, which it reduced to the maximum offense level of 43. *See* U.S.S.G. § 5A cmt. n.2. That offense level and Legg's category III criminal history yielded a range of life imprisonment.

In 2007 Legg filed a § 3582(c) motion seeking to reduce his sentence under Sentencing Guidelines Amendment 706, which reduced the base offense level by two for offenders like himself held accountable for between 1.5 and 4.5 kilograms of crack. The district court did not rule on the motion.

In 2011 Legg filed a second § 3582(c) motion seeking to reduce his sentence under the newly adopted Amendment 750, which arose from the Fair Sentencing Act of 2010 and which increased the quantities of crack cocaine necessary to trigger certain statutory minimum sentencing requirements. Based on Amendment 750, which reduced the base offense level by four for offenders held accountable for between 840 grams and 2.8 kilograms of crack, the district court lowered Legg's total offense level from 45 to 41. That offense level combined with a category III criminal history to produce a range of 360 months to life, and the court sentenced Legg to 360 months. The court granted Legg an opportunity to amend his motion and set forth grounds for any further reduction under the guidelines.

Legg amended his § 3582(c)(2) motion to again seek a 2-level reduction in his offense level under Amendment 706. Reducing his total offense level another two levels to 39, Legg observed, would lower his guideline range further to 324–405 months. The court denied the motion as "moot," stating that it had already reduced his sentence to 360 months, within the range Legg was now seeking.

On appeal Legg challenges the district court's refusal to reduce his offense level under Amendment 706. But Amendment 750 superseded Amendment 706 and completely restated the sentencing table for crack-cocaine offenses. *See* U.S.S.G. App. C., Vol. III 391–398 (2011). And because Legg's base offense level had already been lowered to 34 by Amendment 750, it could not be reduced further by Amendment 706, which would have assigned a base offense level of 36. *See* U.S.S.G. App. C., Vol. III 226 (2007). Because his guidelines range did not change, the district court could not further reduce his sentence under § 3582(c)(2). *See Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010).

AFFIRMED