**UNITED STATES of America**

v.

**Caonabo VARGAS, Defendant.**

**No. 05–CR–1327 (VM).**

United States District Court,
S.D. New York.

Signed Feb. 10, 2015.

Harry Sandick, Jenner & Block LLP, Los Angeles, CA, Todd Blanche, U.S. Attorney's Office, New York, NY, for United States of America.

James Michael Roth, Hurwitz Stampur & Roth, Martin L. Schmukler, Martin L. Schmukler, P.C., Telesforo Del Valle, Jr., Del Valle & Associates, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

On April 13, 2007, a jury found defendant Caonabo Vargas ("Vargas") guilty of one count of conspiracy to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. Sections 846, and one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. Sections 1951. (*See* Dkt. Minute Entry for 4/13/2007; Dkt. No. 131.) On January 11, 2008, this Court sentenced Vargas to one hundred and fifty one (151) months imprisonment, followed by five (5) years supervised release. (Dkt. No. 131.)

Effective November 1, 2014, the United States Sentencing Commission ("Sentencing Commission") adopted Amendment 782, which modified Section 2D1.1 of the United States Sentencing Guidelines Manual ("Sentencing Guidelines") to lower the Sentencing Guidelines' sentencing range for certain categories of drug-related offenses ("Amendment 782"). The Sentencing Commission then adopted Amendment 788 ("Amendment 788"), also effective November 1, 2014, which authorized retroactive application of Amendment 782 to those sentenced before its effective date. Amendment 788 also specifies that no incarcerated defendant can be released pursuant to Amendment 788 prior to November 1, 2015. Furthermore, the "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

The Probation Department made a submission to the Court and the parties, indi-

cating its assessment that Vargas is eligible for a sentencing reduction under Amendments 782 and 788.

Vargas filed motions (Dkt. Nos. 251, 255) for a sentence reduction pursuant to Amendments 782 and 788 on November 10, 2014, and December 30, 2014 asking that Vargas's sentence be reduced from 151 to 121 months. On January 26, 2015, Vargas submitted an additional letter including exhibits to demonstrate his extensive participation and completion of programs while in custody. (Dkt. No. 260.) The Government responded on February 3, 2015, acknowledging Vargas's eligibility for a sentence reduction and expressing that the Government does not object to such a reduction within the amended Sentencing Guidelines range of 121–151 months. (Dkt. No. 259.)

### STANDARD

Under Section 3582(c)(2) of Title 18 ("Section 3582(c)(2)"), United States Code, when a defendant has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by the Sentencing Commission, the Court may act upon motion of the defendant or the Director of the Bureaus of Prisons, or upon its own motion, to reduce the defendant's term of imprisonment. A court may grant a sentence reduction only after considering the factors set forth in Section 3553(a) of Title 18 ("Section 3553(a)") and upon a finding that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See id.*

Here, when considering a sentence reduction under the two-step inquiry laid out in *Dillon v. United States,* the Court must first decide whether Vargas is eligible for a sentence modification and then determine the "extent of the reduction authorized." 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). In reviewing eligibility, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b). As a threshold matter, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing in order for a defendant to be eligible for a reduction.

With regard to the extent of the reduction authorized, Section 1B1.10(b)(2)(A) of the Sentencing Guidelines provides that "the [C]ourt shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). The only exception to this rule applies if the defendant was sentenced to a term of imprisonment below the Sentencing Guidelines range pursuant to a government motion "to reflect the defendant's substantial assistance to authorities," in which case the Court is authorized to grant a reduction comparably less than the amended Sentencing Guidelines range. *Id.* However, in the absence of a sentencing departure based on substantial assistance, the Court is not permitted to "re-impos[e] departures or variances imposed at the defendant's original sentencing hearing." *U.S. v. Erskine,* 717 F.3d 131, 137 (2d Cir.2013). Furthermore, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

If the defendant is eligible for a sentencing reduction, the Court proceeds to the second step of the *Dillon* analysis, in which it must decide—in light of the Section 3553(a) factors—whether to grant a reduction. *See Dillon,* 560 U.S. at 827, 130 S.Ct. 2683 (2010). Under Section 3553(a),

the Court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

### APPLICATION

■ The Court is persuaded that Vargas is eligible for a sentence reduction under Amendments 782 and 788. Vargas's base offense level at the time of sentencing was grounded on Section 2D1.1 of the Sentencing Guidelines, the section modified by Amendment 782. Vargas was not sentenced as a "career offender" under Section 4B1.1 of the Sentencing Guidelines, nor was he subject to a mandatory minimum sentence in excess of the applicable Sentencing Guidelines range.[1] Therefore, had Amendment 782 been in effect at the time of Vargas's sentencing (*see* U.S.S.G. § 1B1.10(b)), his total offense level would have been 32 instead of 34, and the Sentencing Guidelines range for his sentence would have been 121–151 months instead of 151–188 months.

■ As to the extent of the reduction authorized (*Dillon,* 560 U.S. at 827, 130 S.Ct. 2683), the Court sentenced Vargas to a term of incarceration of 151 months, which was within the Sentencing Guidelines range in effect at the time of sentencing, and greater than the applicable mandatory minimum sentence. The Court did not depart pursuant to a government motion regarding Vargas's substantial assistance to the Government. Consequently, the Court is authorized to reduce Vargas's term of imprisonment to as low as 121 months, the minimum of the amended Sentencing Guidelines range, but is not authorized to make any further reduction. *See Erskine,* 717 F.3d at 137; U.S.S.G. § 1B1.10(b)(2)(A). As Vargas has not yet

served 121 months imprisonment, it is irrelevant that the Court may not further reduce his sentence to a term lower than time served. *See* U.S.S.G. 1B1.10(e)(1).

Having determined that Vargas is eligible for a sentence reduction and that the reduction authorized is thirty months or less, the Court must determine whether to grant such a reduction. *See Dillon,* 560 U.S. at 827, 130 S.Ct. 2683 (2010). Consideration of the Section 3553(a) factors, as required by *Dillon,* weighs in Vargas's favor. In contemplating the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need to protect the public from further crimes of this defendant, the Court notes that Vargas's criminal history contains no violence or behavior constituting assault. *See* 18 U.S.C. § 3553(a)(1), (2). Additionally, Vargas did not possess a weapon or receive a role enhancement related to his involvement in the instant offense. The Court may also consider post-sentencing conduct in determining whether a reduction is warranted. *See* U.S.S.G. § 1B1.10, Application Note 1(B)(iii). According to the submission from the Probation Department, Vargas has not received any disciplinary sanctions for assault or violent behavior while incarcerated for the instant offense. Defense also submits that Vargas has completed more than twenty programs while incarcerated "for the instant offense and has enrolled in the Residential Drug and Alcohol Program." (Dkt. Nos. 251, 255, 260.)

The Court therefore concludes that Vargas is eligible for a sentence reduction pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines, and that consideration of the Section 3553(a) factors warrants granting such a reduction.

---

**1.** Vargas is subject to a mandatory minimum sentence of 120 months, which is below both the original and amended guidelines range for his offense.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motions ( Dkt. Nos. 251, 255, 260) of defendant Caonabo Vargas for a sentence reduction pursuant to Amendments 782 and 788 of the United States Sentencing Guidelines are **GRANTED**; effective on November 1, 2015, the offense level of defendant Caonabo Vargas applicable to this action is reduced to 32 and his sentence is reduced to 121 months imprisonment; and it is further

**ORDERED** that this sentence reduction is conditioned upon the defendant Caonabo Vargas not engaging in behavior constituting assault or violence while incarcerated prior to the effective date of this order. **SO ORDERED.**