### UNITED STATES of America

v.

### Amado Rudy FELIZ–RAMIREZ, Defendant.

### No. 03–CR–870 (VM).

United States District Court, S.D. New York.

Signed June 4, 2015.

Lauren R. Goldberg, U.S. Attorney's Office, Mark Alexander Racanelli, O'Melveny & Myers LLP, New York, NY, for United States of America.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

On September 22, 2005, defendant Amado Rudy Feliz–Ramirez ("Feliz–Ramirez") pleaded guilty before this Court to one count of conspiracy to import cocaine into the United States, in violation of 21 U.S.C. Section 963, and one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. Section 846. (*See* Dkt. Minute Entry for 9/22/2005.) This Court then sentenced Feliz–Ramirez to one hundred and eighty (180) months imprisonment, followed by five (5) years supervised release. (Dkt. No. 164.)

Effective November 1, 2014, the United States Sentencing Commission ("Sentencing Commission") adopted Amendment 782, which modified Section 2D1.1 of the United States Sentencing Guidelines Manual ("Sentencing Guidelines") to lower the Sentencing Guidelines' sentencing range for certain categories of drug-related offenses("Amendment 782"). The Sentencing Commission then adopted Amendment 788 ("Amendment 788"), also effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date. Amendment 788 also specifies that no incarcerated defendant can be released pursuant to Amendment 788 prior to November 1, 2015. Furthermore, the "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

On January 27, 2015, Feliz–Ramirez filed a motion ("Motion") for a sentence reduction pursuant to Amendments 782 and 788 (Dkt. No. 215) and for appointment of counsel for the purposes of the Motion. (Dkt. No. 214.) The Probation Department made a submission to the Court and the parties, indicating its assessment that Feliz–Ramirez is ineligible for a sentence reduction under Amendments 782 and 788, because the sentence he received and is now serving is lower than the minimum of the sentencing range applicable under Amendment 782. There have been no further submissions or filings relating to this matter.

### STANDARD

Under Section 3582(c)(2) of Title 18 ("Section 3582(c)(2)"), United States Code, when a defendant has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by the Sentencing Commission, the Court may act upon motion of the defendant or the Director of the Bureaus of Prisons, or upon its own motion, to reduce the defendant's term of imprisonment. A court may grant a sentence reduction only after considering the factors set forth in Section 3553(a) of Title 18 ("Section 3553(a)") and upon a finding that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See id.*

■ Here, when considering a sentence reduction under the two-step inquiry laid out in *Dillon v. United States,* the Court must first decide whether a defendant is eligible for a sentence modification and

then determine the "extent of the reduction authorized." 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). In reviewing eligibility, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b). As a threshold matter, for a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing.

With regard to the extent of the reduction authorized, Section 1B1.10(b)(2)(A) of the Sentencing Guidelines provides that "the [C]ourt shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." The only exception to this rule applies if the defendant was sentenced to a term of imprisonment below the Sentencing Guidelines range pursuant to a government motion "to reflect the defendant's substantial assistance to authorities," in which case the Court is authorized to grant a reduction comparably less than the amended Sentencing Guidelines range. *Id.* However, in the absence of a sentencing departure based on substantial assistance, the Court is not permitted to "reimpos[e] departures or variances imposed at the defendant's original sentencing hearing." *U.S. v. Erskine,* 717 F.3d 131, 137 (2d Cir.2013). Furthermore, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

■ If the defendant is eligible for a sentencing reduction, the Court proceeds to the second step of the *Dillon* analysis. At that point, the Court must decide—in light of the Section 3553(a) factors— whether to grant a reduction. *See Dillon,* 560 U.S. at 827, 130 S.Ct. 2683. Under Section 3553(a), the Court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

### APPLICATION

■ The Court finds that Feliz–Ramirez is not eligible for a sentence reduction under Amendments 782 and 788. Feliz–Ramirez's base offense level at the time of sentencing was grounded on Section 2D1.1 of the Sentencing Guidelines, the section modified by Amendment 782. Feliz–Ramirez was not sentenced as a "career offender" under Section 4B1.1 of the Sentencing Guidelines, nor was he subject to a mandatory minimum sentence in excess of the applicable Sentencing Guidelines range. Therefore, had Amendment 782 been in effect at the time of Feliz–Ramirez's sentencing (*see* U.S.S.G. § 1B1.10(b)), his total offense level would have been 3 6 instead of 38, and the Sentencing Guidelines range for his sentence would have been 188–235 months instead of 235–293 months.

Having determined that the amended Sentencing Guidelines range is lower than the range that was applied at sentencing, the Court next must determine the *extent* of the reduction authorized by the Amendments. *Dillon,* 560 U.S. at 827, 130 S.Ct. 2683. The Court sentenced Feliz–Ramirez to a term of incarceration of 180 months, which was below the Sentencing Guidelines range in effect at the time of sentencing. However, the Court's departure was not made pursuant to a government motion regarding substantial assistance to the Government. Consequently, under Amendment 788, the Court is now author-

ized to reduce Feliz–Ramirez's term of imprisonment to as low as—but not lower than—188 months, the minimum of the amended Sentencing Guidelines range. *See Erskine*, 717 F.3d at 137; U.S.S.G. § 1B1.10(b)(2)(A); *see also* 18 U.S.C. § 3582(c)(2). Yet, it is impossible for the Court now to reduce Feliz–Ramirez's sentence to 188 months, because the Court already sentenced Feliz–Ramirez to 180 months, a term of imprisonment lower than the minimum of the amended Sentencing Guidelines range. The Court is therefore not authorized to make any reduction to Feliz–Ramirez's sentence pursuant to Amendments 782 and 788.

The Court therefore concludes that Feliz–Ramirez is not eligible for a sentence reduction pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines. Having determined that Feliz–Ramirez is not eligible for a sentence reduction, the Court need not proceed to the second step of the *Dillon* analysis. *See* 560 U.S. at 827, 130 S.Ct. 2683.

### *MOTION TO APPOINT COUNSEL*

In light of the Probation Department's calculation of the amended guidelines range and clear determination of Feliz–Ramirez's ineligibility for a sentence reduction, the Court concludes that appointment of counsel to argue Feliz–Ramirez's Motion is not warranted in this case.

### *ORDER*

For the reasons stated above, it is hereby.

**ORDERED** that the motion of defendant Rudy Amado Feliz–Ramirez (Dkt. No. 215) for a sentence reduction pursuant to Amendments 782 and 788 of the United States Sentencing Guidelines is **DENIED** with prejudice; and it is further

**ORDERED** that the motion of defendant Rudy Amado Feliz–Ramirez (Dkt.

No. 214) for appointment of counsel is **DENIED.**

**SO ORDERED.**