# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2017

Lyle W. Cayce
Clerk

No. 15-41460
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JOSE IGNACIO SALINAS-LANDAVERDE,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-303-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Jose Salinas-Landaverde, federal prisoner # 65352-379, appeals,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41460

complaining of the district court's denial of his motion for a sentence reduction per 18 U.S.C. § 3582(c)(2).  He sought the reduction under Amendment 782 of the Sentencing Guidelines, effective November 1, 2014.  *See* U.S.S.G. App. C, Amend. 788.  The court denied the motion because Salinas-Landaverde was sentenced after the effective date.

Section 3582(c)(2) permits the discretionary modification of a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" if such a reduction is consistent with applicable policy statements issued by the Commission.  *See Dillon v. United States*, 560 U.S. 817, 824–26 (2010).  A defendant is eligible for a reduction if the range originally applicable to him was lowered by an amendment.  *See* U.S.S.G. § 1B1.10(a)(1), p.s. (2014).  Because Salinas-Landaverde was afforded the full benefit of Amendment 782, his sentencing range was not lowered as a result of it, and he was not eligible for a reduction under § 3582(c)(2).  *See Dillon*, 560 U.S. at 824–26.

Accordingly, the judgment is AFFIRMED.  Salinas-Landaverde's motion for the appointment of counsel is DENIED.