Filed 11/25/20  P. v. Lee CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARQUIS TREVON LEE,<br><br>    Defendant and Appellant. | B297947<br><br>(Los Angeles County<br>Super. Ct. No. TA034314) |

APPEAL from an order of the Superior Court of Los Angeles County, Allen J. Webster, Jr., Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Marquis Trevon Lee (defendant) was convicted by a jury of first degree murder and sentenced to 26 years to life in prison. Decades later, he filed a petition for resentencing under Penal Code section 1170.95,[1] a statute that allows a defendant convicted of felony murder or murder under a natural and probable consequences theory to seek to vacate his or her murder conviction. The trial court denied defendant's petition and we consider whether, as defendant contends, the court prejudicially erred by denying the petition before appointing counsel.

## I. BACKGROUND

A trial jury convicted defendant on murder and attempted murder charges for his role, with two fellow gang members, in a gang shooting. In April 1996, the trial court sentenced defendant to 26 years to life in prison (25 years to life for the murder and an extra year for a firearm enhancement the jury found true).

In February 2019, defendant filed a section 1170.95 petition asserting he was eligible for resentencing because he was not the actual killer, he did not harbor an intent to kill, and he was not a major participant in the crimes of conviction and did not act with reckless indifference to human life. His petition also asked the court to appoint counsel to represent him.

The trial court denied the petition without appointing counsel. After summarizing the facts of the case, the trial court concluded defendant evidenced an intent to kill by surrounding a parked car and shooting at the victims. The court further

---

[1] Undesignated statutory references that follow are to the Penal Code.

2

observed the evidence supported a finding of aiding and abetting, despite the prosecution being unable to identify which shooter caused death, "based on the facts that there was a quick ambush of a parked car in which [its] occupants were trapped and surrounded and executed and injured by rapid firing from semi-automatic shells."

## II.  DISCUSSION

Even if defendant is correct that the trial court's rationale for denying the petition does not comport with proper section 1170.95 procedure, there is still no basis for reversal.  The trial jury was not instructed on the principles of felony murder or natural and probable consequences murder; rather, the jury received instructions only on direct aiding and abetting, plus the elements of malice murder.  That means, as a matter of law, defendant is not "[a] person convicted of felony murder or murder under a natural and probable consequences theory" (§ 1170.95, subd. (a)) and it is not true he "could not be convicted of first or second degree murder *because of* changes to Section 188 or 189 made [by Senate Bill No. 1437]" (§ 1170.95, subd. (a)(3), italics added).[2]  (See, e.g., *People v. Soto* (2020) 51 Cal.App.5th 1043,

---

[2]     Defendant argues the absence of jury instructions on felony murder or natural and probable consequences murder is not dispositive because the prosecutor made reference to natural and probable (or foreseeable) consequences during closing argument.  But defendant acknowledges the trial court sustained an objection to that aspect of the prosecution's argument (reasoning it might be confusing or misleading to the jury) and, regardless, we presume the jury understood and followed the instructions it was given (*People v. Holt* (1997) 15 Cal.4th 619, 662)—and there

3

1055, review granted Sept. 23, 2020, S263939 (*Soto*); *People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5, review granted Jul. 22, 2020, S262835 ["if the jury was not instructed on a natural and probable consequences or felony-murder theory of liability, the petitioner could not demonstrate eligibility as a matter of law because relief is restricted to persons convicted under one of those two theories"].)  Thus, whether framed in terms of the principle that we review a trial court's ruling not its rationale (*People v. Selivanov* (2016) 5 Cal.App.5th 726, 774) or harmless error doctrine, there is no reversible error on that score.

Defendant additionally argues we should reverse because he had a constitutional right to appointed counsel under Sixth Amendment and due process principles.  Neither assertion is correct.  (See, e.g., *Smith, supra*, 49 Cal.App.5th at 92, rev. gr.; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410; see also *Dillon v. United States* (2010) 560 U.S. 817, 828-829 [holding Sixth Amendment inapplicable to sentence modification proceedings]; *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156 ["[T]he retroactive relief . . . afforded by Senate Bill 1437 is not subject to Sixth Amendment analysis"]; *In re Clark* (1993) 5 Cal.4th 750, 780 [constitutional due process guarantees demand appointment of counsel in postconviction proceedings "*if* a petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause"], italics added.)

---

were none explaining how defendant might be liable for murder on a felony murder or natural and probable consequences theory.

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


RUBIN, P. J.


KIM, J.