**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICKY DALE ADMIRE,

    Defendant - Appellant.

No. 22-5039
(D.C. No. 4:97-CR-00171-GKF-4)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Federal courts generally lack authority to modify a sentence. *Dillon v. United State*s, 560 U.S. 817, 819 (2010). But an exception exists when a defendant shows extraordinary, compelling justification. 18 U.S.C. § 3582(c)(1)(A).

_____

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

The defendant, Mr. Ricky Admire, invoked this exception and sought early release. The district court denied Mr. Admire's request and he appeals, arguing that the court should have considered the statutory sentencing factors, his rehabilitation and need to help an ailing sister, and relief granted to similarly situated defendants. We consider this ruling under the abuse-of-discretion standard. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). Applying this standard, we affirm.

To address the motion, the court had to decide whether Mr. Admire had shown extraordinary and compelling reasons to reduce his sentence. *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). If the court were to find such reasons, it would need to consider the statutory sentencing factors. *Id.*

Following this procedure, the district court concluded that Mr. Admire had not shown extraordinary and compelling reasons to reduce his sentence. So the court had no need to consider the statutory sentencing factors. *United States v. Hald*, 8 F.4th 932, 942–43 (10th Cir. 2021).

Though the court didn't need to consider the statutory sentencing factors, Mr. Admire argues that the court should have considered his rehabilitation and need to help his sister.

In his motion, Mr. Admire urged consideration of his efforts at rehabilitation, stating that he's not had any disciplinary infractions, had

experienced remorse for his crimes, and had benefited from treatment for anger management. R. at 135.

"Rehabilitation . . . alone shall not be considered an extraordinary and compelling reason" to reduce the sentence. 18 U.S.C. § 994(t). But the court can consider rehabilitation along with other factors. *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022); *see Concepcion v. United States*, 142 S. Ct. 2389, 2401 (2022) ("The text of the First Step Act does not so much as hint that district courts are prohibited from considering evidence of rehabilitation . . . .").

The district court did consider Mr. Admire's efforts at rehabilitation, regarding them as "commendable" but not extraordinary or compelling. R. at 208. We thus reject Mr. Admire's argument that the court had failed to consider his efforts at rehabilitation.

The court also considered Mr. Admire's need to help his sister. In considering this need, the court concluded that disruption of family responsibilities wasn't ordinarily a viable reason to reduce the sentence. *Id.* Mr. Admire again fails to identify any flaws in the court's reasoning. So we reject his argument that the court had failed to consider the need to help the sister.

Finally, Mr. Admire insists that the district court failed to consider early release given to similarly situated defendants. We disagree.

3

In his motion, Mr. Admire argued that his medical conditions resembled those experienced by other defendants who had obtained early release. He gave examples of five cases in the District of South Dakota. In each case, the defendant had obtained early release based on hypertension, asthma, thyroid cancer, enlarged prostate, heart disease, cancer, or obesity. *Id.* at 133; *see United States v. Eck*, No. CR 18-50058-JLV, 2020 WL 7390516 (D.S.D. Dec. 16, 2002); *United States v. O'Kelly*, No. CR-17-50073-02-JLV, 2020 WL 7318113 (D.S.D. Dec. 11, 2020); *United States v. Gravens*, No. CR-13-50101-JLV, 2020 WL 7390514 (D.S.D. Dec. 16, 2020); *United States v. Hosek*, CR-16-50111-JLV, 2020 7318107 (D.S.D. Dec. 11, 2020); *United States v. Magnuson*, CR-15-50095-JLV, 2020 WL 7318109 (D.S.D. Dec. 11, 2020).

The district court acknowledged that Mr. Admire had ailments including high blood pressure, hypothyroidism, and spondylosis. But the court explained that Mr. Admire had recovered from thyroid cancer after obtaining a thyroidectomy and radiation therapy, had a transurethral resection of the prostate, and had treatment for hypertension. These treatments led prison authorities to classify Mr. Admire's condition as "healthy or simple chronic care." R. at 170. Given the treatments and classification, the district court concluded that Mr. Admire's conditions didn't create extraordinary, compelling reasons to reduce his sentence.

4

The court acknowledged that Mr. Admire had been infected twice with Covid. But the court pointed out that (1) he'd recovered both times, (2) he'd been vaccinated twice for Covid, and (3) the prison didn't currently have any inmates diagnosed with Covid. Mr. Admire doesn't point to any flaws in the court's reasoning. *See United States v. Hald*, 8 F.4th 932, 939 n.5 (10th Cir. 2021) ("[L]ike access to vaccination, prior infection and recovery from COVID-19 would presumably weigh against a finding of extraordinary and compelling reasons.").

We thus reject Mr. Admire's challenges based on a failure to consider the statutory sentencing factors, rehabilitative efforts, need to care for his sister, and early release given to similarly situated defendants.

Affirmed.[1]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1]    Though we affirm the denial of a sentence reduction, we grant Mr. Admire's motion for leave to proceed in forma pauperis.