**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES

v.

TAQUAN CANARTE,

*Defendant*.

Criminal Action No. 20-27-5 (TJK)

**ORDER**

In April 2022, Taquan Canarte pleaded guilty to Conspiracy to Distribute a Mixture or Substance Containing a Detectable Amount of Fentanyl, Illegal Receipt of a Firearm by a Person under Indictment, and Second-Degree Theft. ECF No. 305. He committed these offenses while he was still under a sentence of supervision for a prior firearm conviction. ECF No. 247 at 24-25. At the time, the United States Sentencing Guidelines disincentivized the commission of crimes while under an existing sentence by increasing a defendant's criminal history score for such crimes by two. *See* U.S.S.G. § 4A1.1(d) (2021). Consequently, Canarte's criminal history score was calculated to be 10, placing him in criminal history category V. *See* ECF No. 247 at 25; ECF No. 306 at 1. Thus, the Guidelines recommended 63–78 months of imprisonment. *See* ECF No. 306 at 1. In October 2022, after considering the Guidelines range, the Court accepted a Rule 11(c)(1)(C) plea agreement, which bound the Court to sentencing Canarte to the parties' agreed-upon 53 months of imprisonment. ECF No. 305 at 3; ECF No. 306 at 3.

The next year, the United States Sentencing Commission amended the Guidelines and reduced the penalty for committing a crime while under an existing sentence from two additional criminal history points to one. *See* U.S.S.G. App. C Amend. 821 (2023). Canarte now moves to retroactively apply this Guidelines amendment and reduce his sentence of imprisonment. The

Court may "reduce the term of imprisonment" for a defendant if his original sentence of imprisonment was "based on a [Guidelines] range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Under the amended Guidelines, Canarte's criminal history score for the offenses to which he pled guilty would be nine instead of 10, placing him in category IV rather than V. *See* ECF No. 482 at 3. Thus, the Guidelines would recommend only 51–63 months of imprisonment. *Id.* Canarte now moves the Court to reduce his 53-month sentence to the minimum of this new range, 51 months. *Id.* at 5.[1]

The Court declines to do so. Before reducing a sentence of imprisonment because of a subsequent change to the Guidelines, the Court must determine that the reduction would be (1) "consistent with applicable policy statements issued by the Sentencing Commission" and (2) appropriate "after considering the factors set forth in section 3553(a) to the extent that they are applicable." § 3582(c)(2); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010) (laying out the two-step framework). Both parties agree that Canarte's requested reduction passes the first requirement: it would be consistent with both applicable policy statements by the Sentencing Commission.[2] *See* ECF No. 482 at 3–4; ECF No. 487 at 5.

---

[1] Although Canarte's original sentence of 53 months was imposed pursuant to a Rule 11(c)(1)(C) plea agreement and outside the old Guidelines range of 63–78 months, the sentence was still "based on" the old Guidelines range, meaning that a reduction under § 3582(c)(2) is available. The Court accepted Canarte's plea agreement after express consideration of the 63–78-month range, as the Guidelines required it to do. That consideration is sufficient to make the plea agreement's sentence "based on" the Guidelines. *Hughes v. United States*, 584 U.S. 675, 686–87 (2018). Because the applicable Guidelines range was "subsequently lowered," Canarte satisfies the threshold conditions for § 3582(c)(2) relief.

[2] Any "reduction based on the retroactive application" of the criminal history score amendment by this Court would occur after "February 1, 2024." U.S.S.G. § 1B1.10(e)(2) (2025). And the requested reduction would not "reduce the defendant's term of imprisonment" to "less than the minimum of the amended guideline range." *Id.* § 1B1.10(b)(2)(A).

But the requested reduction fails the second requirement: in the Court's view, it would not be appropriate after consideration of the § 3553(a) factors. Among the various § 3553(a) factors that the court "shall consider" are "the history and characteristics of the defendant," § 3553(a)(1). When considering a motion to reduce sentence, the "history and characteristics" include not only the evidence before the court when imposing the original sentence, but also all "conduct since." *Pepper v. United States*, 562 U.S. 476, 492 (2011). So the Court must weigh that since Canarte was sentenced, he has been repeatedly disciplined by the Bureau of Prisons for possessing metal weapons up to eight inches long, as well as threatening correctional officers. ECF No. 487 at 11. The Court gives these infractions, some of which were as recent as last year, great weight because of a vicious crime that Canarte committed not long ago. In December 2022, Canarte pled guilty to Attempted Assault with a Dangerous Weapon for brutally stabbing a fellow inmate with a similar metal weapon—a crime he committed just a month before his sentencing here. *Id*. at 10. For these reasons, the need for the sentence imposed to "afford adequate deterrence to criminal conduct" and to "protect the public from further crimes" committed by Canarte do not weigh in favor of a sentence reduction. *See* § 3553(a)(2)(B), (C).

In the end, after consideration of all the § 3553(a) factors and all the relevant information provided to the Court in connection with both Canarte's sentencing and the instant motion— including Canarte's extensive criminal history that predates the offense described above, *see* ECF No. 247 at 17–26—the Court declines to reduce his sentence from 53 to 51 months.

For all these reasons, it is hereby **ORDERED** that Canarte's Motion to Reduce Sentence, ECF No. 482, is **DENIED**.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 18, 2026

3