**UNITED STATES of America**

v.

**Victor CARRANZA, Defendant.**

**No. 08–CR–792 (VM).**

United States District Court,
S.D. New York.

Signed April 21, 2015.

Chi T. Steve Kwok, Michael Douglas Maimin, Carrie Heather Cohen, U.S. Attorney's Office, New York, NY, for United States of America.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

("Carranza") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. Section 846, a Class A felony. (*See* Dkt. Minute Entry for 7/8/2009; Dkt. Nos. 44, 59.) On November 20, 2009, the Court sentenced Carranza to one hundred and fifty one (151) months imprisonment, followed by five (5) years supervised release. (Dkt. No. 59.)

Effective November 1, 2014, the United States Sentencing Commission ("Sentencing Commission") adopted Amendment 782, which modified Section 2D1.1 of the United States Sentencing Guidelines Manual ("Sentencing Guidelines") to lower the Sentencing Guidelines' sentencing range for certain categories of drug-related offenses ("Amendment 782"). The Sentencing Commission then adopted Amendment 788 ("Amendment 788"), also effective November 1, 2014, which authorized retroactive application of Amendment 782 to those sentenced before its effective date. Amendment 788 also specifies that no incarcerated defendant can be released pursuant to Amendment 788 prior to November 1, 2015. Furthermore, the "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

The Probation Department made a submission to the Court and the parties, indicating its assessment that Carranza is eligible for a sentencing reduction under Amendments 782 and 788.

Neither Carranza nor the Government has made any submissions on the issue of a sentence reduction under Amendments 782 and 788. The Court now considers the matter *sua sponte.*

## STANDARD

■ Under Section 3582(c)(2) of Title 18 ("Section 3582(c)(2)"), United States Code, when a defendant has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by the Sentencing Commission, the Court may act upon motion of the defendant or the Director of the Bureaus of Prisons, or upon its own motion, to reduce the defendant's term of imprisonment. A court may grant a sentence reduction only after considering the factors set forth in Section 3553(a) of Title 18 ("Section 3553(a)") and upon a finding that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See id.*

■ Here, when considering a sentence reduction under the two-step inquiry laid out in *Dillon v. United States,* the Court must first decide whether Carranza is eligible for a sentence modification and then determine the "extent of the reduction authorized." 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). In reviewing eligibility, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b). As a threshold matter, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing in order for a defendant to be eligible for a reduction.

■ With regard to the extent of the reduction authorized, Section 1B1.10(b)(2)(A) of the Sentencing Guidelines provides that "the [C]ourt shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). The

only exception to this rule applies if the defendant was sentenced to a term of imprisonment below the Sentencing Guidelines range pursuant to a government motion "to reflect the defendant's substantial assistance to authorities," in which case the Court is authorized to grant a reduction comparably less than the amended Sentencing Guidelines range. *Id.* However, in the absence of a sentencing departure based on substantial assistance, the Court is not permitted to "re-impos[e] departures or variances imposed at the defendant's original sentencing hearing." *U.S. v. Erskine*, 717 F.3d 131, 137 (2d Cir.2013). Furthermore, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

If the defendant is eligible for a sentencing reduction, the Court proceeds to the second step of the *Dillon* analysis, in which it must decide-in light of the Section 3553(a) factors-whether to grant a reduction. *See Dillon*, 560 U.S. at 827, 130 S.Ct. 2683 (2010). Under Section 3553(a), the Court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

### APPLICATION

 The Court is persuaded that Carranza is eligible for a sentence reduction under Amendments 782 and 788. Carranza's base offense level at the time of sentencing was grounded on Section 2D1.1 of the Sentencing Guidelines, the section modified by Amendment 782. Carranza was not sentenced as a "career offender" under Section 4B1.1 of the Sentencing Guidelines, nor was he subject to a manda-

tory minimum sentence in excess of the applicable Sentencing Guidelines range.[1] Therefore, had Amendment 782 been in effect at the time of Carranza's sentencing (*see* U.S.S.G. § 1B1.10(b)), his total offense level would have been 32 instead of 34, and the Sentencing Guidelines range for his sentence would have been 121–151 months instead of 151–188 months.

 As to the extent of the reduction authorized (*Dillon*, 560 U.S. at 827, 130 S.Ct. 2683), the Court sentenced Carranza to a term of incarceration of 151 months, which was within the Sentencing Guidelines range in effect at the time of sentencing, and greater than the applicable mandatory minimum sentence. The Court did not depart pursuant to a government motion regarding Carranza's substantial assistance to the Government. Consequently, the Court is authorized to reduce Carranza's term of imprisonment to as low as 121 months, the minimum of the amended Sentencing Guidelines range, but is not authorized to make any further reduction. *See Erskine*, 717 F.3d at 137; U.S.S.G. § 1B1.10(b)(2)(A). As Carranza has not yet served 121 months imprisonment, it is irrelevant that the Court may not further reduce his sentence to a term lower than time served. *See* U.S.S.G. 1B1.10(e)(1).

 Having determined that Carranza is eligible for a sentence reduction and that the reduction authorized is thirty months or less, the Court must determine whether to grant such a reduction. *See Dillon*, 560 U.S. at 827, 130 S.Ct. 2683 (2010). Consideration of the Section 3553(a) factors, as required by *Dillon*, weighs in Carranza's favor. In contemplating the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need

---

1. Carranza is subject to a mandatory minimum sentence of 120 months, which is below both the original and amended guidelines range for his offense.

to protect the public from further crimes of this defendant, the Court notes that Carranza's criminal history contains no violence or behavior constituting assault. *See* 18 U.S.C. 3553(a)(1), (2). Additionally, Carranza did not possess a weapon or receive a role enhancement related to his involvement in the instant offense. The Court may also consider post-sentencing conduct in determining whether a reduction is warranted. *See* U.S.S.G. 1B1.10, Application Note 1(B)(iii). According to the submission from the Probation Department, Carranza has not received any disciplinary sanctions for assault or violent behavior while incarcerated for the instant offense.

The Court therefore concludes that Carranza is eligible for a sentence reduction pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines, and that consideration of the Section 3553(a) factors warrants granting such a reduction.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that defendant Victor Carranza's sentence be reduced pursuant to Amendments 782 and 788 of the United States Sentencing Guidelines; effective on November 1, 2015, the offense level of defendant Victor Carranza applicable to this action is reduced to 32 and his sentence is reduced to 121 months imprisonment; and it is further

**ORDERED** that this sentence reduction is conditioned upon the defendant Victor Carranza not engaging in behavior constituting assault or violence while incarcerated prior to the effective date of this order.

**SO ORDERED.**