UNITED STATES of America

v.

Gilberto SALINAS–DORIA, Defendant.

No. 01–CR–021 (VM).

United States District Court,
S.D. New York.

Signed July 8, 2015.

Court Golumbic, Assistant United States Attorney, Mary Jo White, Richard Joseph Sullivan, U.S. Attorney's Office, New York, NY, for United States of America.

David Segal, Ronald P. Fischetti, Alan Samuel Futerfas, Law Offices of Alan S. Futerfas, Lloyd Epstein, Epstein and Weil, Paul R. Nalven, Attorney at Law, George Robert Goltzer, Scott Evan Leemon, Law Offices of Scott E. Leemon, PC, Winston Lee, Winston Lee, Esq, New York, NY, Linda George, Attorney at Law, Hackensack, NJ, Israel Arana, Arana & Arana, Coral Gables, FL, Jeremy F. Orden, O'Bryan Baun Choen Cuebler Karamanian, Birmingham, MI, Paul E. Warburgh, Jr., Law Office of Paul E. Warburgh, Jr., Huntington, NY, Paul J. Angioletti, Law Office of Paul J. Angioletti, Staten Island, NY, Robin Christine Smith, Attorney at Law, Brooklyn, NY, for Defendant.

### DECISION & ORDER

VICTOR MARRERO, District Judge.

On December 9, 2008, defendant Gilberto Salinas–Doria ("Salinas–Doria") pled guilty before Judge Gerard E. Lynch to one count of conspiracy to import cocaine, in violation of 21 U.S.C. Section 963, a

Class B Felony, and one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. Section 846, a Class B Felony. (*See* Dkt. Minute Entries dated December 9, 2008.) On December 2, 2009, Salinas–Doria was sentenced to three hundred and twenty four (324) months imprisonment, followed by five (5) years supervised release. (*See* Dkt. Minute Entry dated December 2, 2009; Dkt. No. 146.)

Effective November 1, 2014, the United States Sentencing Commission ("Sentencing Commission") adopted Amendment 782, which modified Section 2D1.1 of the United States Sentencing Guidelines Manual ("Sentencing Guidelines") to lower the Sentencing Guidelines' sentencing range for certain categories of drug-related offenses ("Amendment 782"). The Sentencing Commission then adopted Amendment 788 ("Amendment 788"), also effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date. Amendment 788 also specifies that no incarcerated defendant can be released pursuant to Amendment 788 prior to November 1, 2015. Furthermore, the "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

The Probation Department made a submission to the Court and the parties, indicating its assessment that Salinas–Doria is ineligible for a sentence reduction under Amendments 782 and 788, because his base offense level has not changed in response to the Amendments because of the large amount of cocaine he intended to import and distribute.

Neither Salinas–Doria nor the Government has made any submissions on the issue of a sentence reduction under Amendments 782 and 788. The Court now considers the matter *sua sponte*.

### STANDARD

Under Section 3582(c)(2) of Title 18 ("Section 3582(c)(2)"), United States Code, when a defendant has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by the Sentencing Commission, the Court may act upon motion of the defendant or the Director of the Bureaus of Prisons, or upon its own motion, to reduce the defendant's term of imprisonment. A court may grant a sentence reduction only after considering the factors set forth in Section 3553(a) of Title 18 ("Section 3553(a)") and upon a finding that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See id.*

■ Here, when considering a sentence reduction under the two-step inquiry laid out in *Dillon v. United States*, the Court must first decide whether a defendant is eligible for a sentence modification and then determine the "extent of the reduction authorized." 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). In reviewing eligibility, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b). As a threshold matter, for a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing.

■ With regard to the extent of the reduction authorized, Section 1B1.10(b)(2)(A) of the Sentencing Guidelines provides that "the [C]ourt shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this

policy statement to a term that is less than the minimum of the amended guideline range." The only exception to this rule applies if the defendant was sentenced to a term of imprisonment below the Sentencing Guidelines range pursuant to a government motion "to reflect the defendant's substantial assistance to authorities," in which case the Court is authorized to grant a reduction comparably less than the amended Sentencing Guidelines range. *Id.* However, in the absence of a sentencing departure based on substantial assistance, the Court is not permitted to "reimpos[e] departures or variances imposed at the defendant's original sentencing hearing." *U.S. v. Erskine,* 717 F.3d 131, 137 (2d Cir.2013). Furthermore, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

If the defendant is eligible for a sentencing reduction, the Court proceeds to the second step of the *Dillon* analysis: At that point, the Court must decide—in light of the Section 3553(a) factors—whether to grant a reduction. *See Dillon,* 560 U.S. at 827, 130 S.Ct. 2683. Under Section 3553(a), the Court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

### APPLICATION

The Court finds that Salinas–Doria is not eligible for a sentence reduction under Amendments 782 and 788. Salinas–Doria's base offense level at the time of sentencing was grounded on Section 2D1.1 of the Sentencing Guidelines, the section modified by Amendment 782. Salinas–Doria was not sentenced as a "career offender" under Section 4B1.1 of the Sentencing Guidelines, nor was he subject to a manda-

tory minimum sentence in excess of the applicable Sentencing Guidelines range. However, had Amendment 782 been in effect at the time of Salinas–Doria's sentencing (*see* U.S.S.G. § 1B1.10(b)), his base offense level—and therefore his total offense level and guidelines range—would have been the same. Prior to the Amendments, a defendant received a base offense level of 38 if his drug crime involved 150 kilograms or more of cocaine. The Amendments increased the amount of cocaine required for a base offense level of 38 to 450 kilograms of cocaine. Since Salinas–Doria was found to have intended to import and distribute 181,440 kilograms of cocaine, his base offense level is 38, and the Amendments have no effect. The same base offense level of 38 leads to the same total offense level of 39, and the same Sentencing Guidelines range of 324 to 405 months imprisonment.

Having determined that the Amendments do not alter Salinas–Doria's applicable Sentencing Guidelines range, the Court is not authorized to make any reduction to Salinas–Doria's sentence pursuant to Amendments 782 and 788.

The Court therefore concludes that Salinas–Doria is not eligible for a sentence reduction pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines. Having determined that Salinas–Doria is not eligible for a sentence reduction, the Court need not proceed with the remainder of the *Dillon* analysis. *See* 560 U.S. at 827, 130 S.Ct. 2683.

### ORDER

For the reasons stated above, the Court finds that Gilberto Salinas–Doria is not eligible for and shall not receive a sentence reduction pursuant to Amendments 782

and 788 of the United States Sentencing Guidelines.

**SO ORDERED.**