**UNITED STATES of America**

v.

**Jose RODRIGUEZ, Defendant.**

**No. 09–CR–027 (VM).**

United States District Court, S.D. New York.

Signed July 17, 2015.

15

Nola Breglio Heller, U.S. Attorney's Office, New York, NY, for United States of America.

Carlos Alberto Martir, Jr., Martir & Associates, New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

On April 13, 2009 defendant Jose Rodriguez ("Rodriguez") pleaded guilty before Magistrate Judge Kevin Nathaniel Fox to one count of conspiracy to distribute crack cocaine, heroin, and marijuana ("Count One"), in violation of 21 U.S.C. Section 846, and one count of engaging in the business of dealing in firearms ("Count Two"), in violation of 18 U.S.C. Section 922(a). (*See* Dkt. Minute Entry for April 13, 2009.) This Court accepted Rodriguez's guilty plea (Dkt. No. 17) and sentenced him to one hundred fifty (150) months imprisonment on Count One and to sixty (60) months imprisonment on Count Two, to run concurrently. (Dkt. No. 37.)

Effective November 1, 2014, the United States Sentencing Commission ("Sentencing Commission") adopted Amendment 782, which modified Section 2D1.1 of the United States Sentencing Guidelines Manual ("Sentencing Guidelines") to lower the Sentencing Guidelines' sentencing range for certain categories of drug-related offenses ("Amendment 782"). The Sentencing Commission then adopted Amendment 788 ("Amendment 788"), also effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date. Amendment 788 also specifies that no incarcerated defendant can be released pursuant to Amendment 788 prior to November 1, 2015. Furthermore, the "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is

November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

The Probation Department made a submission to the Court and the parties, indicating its assessment that Rodriguez is ineligible for a sentencing reduction under Amendments 782 and 788, because the sentence he received and is now serving is lower than the minimum of the sentencing range applicable under Amendment 782.

Neither Rodriguez nor the Government has made any submissions on the issue of a sentence reduction under Amendments 782 and 788. The Court now considers the matter *sua sponte.*

### STANDARD

Under Section 3582(c)(2) cf. Title 18 ("Section 3582(c)(2)"), United States Code, when a defendant has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by the Sentencing Commission, the Court may act upon motion of the defendant or the Director of the Bureaus of Prisons, or upon its own motion, to reduce the defendant's term of imprisonment. A court may grant a sentence reduction only after considering the factors set forth in Section 3553(a) of Title 18 ("Section 3553(a)") and upon a finding that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See id.*

■ Here, when considering a sentence reduction under the two-step inquiry laid out in *Dillon v. United States,* the Court must first decide whether a defendant is eligible for a sentence modification and then determine the "extent of the reduction authorized." 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). In reviewing eligibility, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b). As a threshold matter, for a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing.

■ With regard to the extent of the reduction authorized, Section 1B1.10(b)(2)(A) of the Sentencing Guidelines provides that "the [C]ourt shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." The only exception to this rule applies if the defendant was sentenced to a term of imprisonment below the Sentencing Guidelines range pursuant to a government motion "to reflect the defendant's substantial assistance to authorities," in which case the Court is authorized to grant a reduction comparably less than the amended Sentencing Guidelines range. *Id.* However, in the absence of a sentencing departure based on substantial assistance, the Court is not permitted to "reimpos[e] departures or variances imposed at the defendant's original sentencing hearing." *U.S. v. Erskine,* 717 F.3d 131, 137 (2d Cir.2013). Furthermore, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

If the defendant is eligible for a sentencing reduction, the Court proceeds to the second step of the *Dillon* analysis. At that point, the Court must decide—in light of the Section 3553(a) factors—whether to grant a reduction. *See Dillon,* 560 U.S. at 827, 130 S.Ct. 2683. Under Section 3553(a), the Court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need to "protect the public from further

crimes of the defendant." 18 U.S.C. § 3553(a).

### APPLICATION

The Court finds that Rodriguez is not eligible for a sentence reduction under Amendments 782 and 788. Rodriguez's base offense level for Count One at the time of sentencing was grounded on Section 2D1.1 of the Sentencing Guidelines, the section modified by Amendment 782. Rodriguez was not sentenced as a "career offender" under Section 4B1.1 of the Sentencing Guidelines, nor was he subject to a mandatory minimum sentence in excess of the applicable Sentencing Guidelines range. Therefore, had Amendment 782 been in effect at the time of Rodriguez's sentencing (*see* U.S.S.G. § 1B1.10(b)), his total offense level would have been 31 instead cf. 33, and the Sentencing Guidelines range for Count One, based on a Criminal History Category of V, would have been 168–210 months instead of 210–262 months.

Having determined that the amended Sentencing Guidelines range is lower than the range that was applied at sentencing, the Court next must determine the *extent* of the reduction authorized by the Amendments. *Dillon*, 560 U.S. at 827, 130 S.Ct. 2683. The Court sentenced Rodriguez to a term of incarceration of 150 months, which was below the Sentencing Guidelines range in effect at the time of sentencing. However, the Court's departure was not made pursuant to a government motion regarding substantial assistance to the Government. Consequently, under Amendment 788, the Court is now authorized to reduce Rodriguez's term of imprisonment to as low as—but not lower than—168 months, the minimum of the amended Sentencing Guidelines range. *See Erskine*, 717 F.3d at 137; U.S.S.G. § 1B1.10 (b)(2)(A); *see also* 18 U.S.C. § 3582(c)(2). Yet, it is impossible for the Court now to reduce Rodriguez's sentence to 168 months, because the Court already sentenced Rodriguez to 150 months, a term of imprisonment lower than the minimum of the amended Sentencing Guidelines range. The Court is therefore not authorized to make any reduction to Rodriguez's sentence pursuant to Amendments 782 and 788.

The Court therefore concludes that Rodriguez is not eligible for a sentence reduction pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines. Having determined that Rodriguez is not eligible for a sentence reduction, the Court need not proceed to the second step of the *Dillon* analysis. *See* 560 U.S. at 827, 130 S.Ct. 2683.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that defendant Jose Rodriguez is ineligible for a sentence reduction pursuant to Amendments 782 and 788 of the United States Sentencing Guidelines. **SO ORDERED.**