[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11712
Non-Argument Calendar

_____

D.C. Docket No. 0:06-cr-60136-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSIE MORRISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 5, 2016)

Before MARCUS, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jessie Morrison appeals from the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). On appeal, he argues that the district court abused its discretion in denying his motion by not considering the

18 U.S.C. § 3553(a) factors, and by counting his prior convictions against him twice.  After thorough review, we affirm.

We review <u>de novo</u> the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines in a § 3582(c)(2) proceeding. <u>United States v. Anderson</u>, 772 F.3d 662, 666 (11th Cir. 2014).  A district court has discretion to reduce an imprisonment term if a defendant's sentence is based on a sentencing range that was later lowered by the Sentencing Commission.  <u>See</u> 18 U.S.C. § 3582(c)(2).

To obtain a reduction in a term of imprisonment based on an amendment to the Sentencing Guidelines, the relevant amendment must be listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  Because it is listed in § 1B1.10(d), Amendment 782 to the Sentencing Guidelines may serve as the basis for a sentence reduction.  <u>Id</u>. § 1B1.10(d).  Amendment 782 reduced by two levels the base offense levels that apply to most drug offenses under §§ 2D1.1 and 2D1.11. U.S.S.G. App. C, Amend. 782 (2014).  Section 3582(c)(2) does not authorize a resentencing; rather, it permits a sentence reduction within the narrow bounds established by the Sentencing Commission.  <u>Dillon v. United States</u>, 560 U.S. 817, 831 (2010).

Here, Morrison's base offense level was determined by the application of § 4B1.1, which was not revised by Amendment 782.  Because Morrison's base level

2

was not determined by a section effected by Amendment 782, that amendment does not lower his guideline range.  Accordingly, he is not eligible for a sentence reduction based on that amendment, and the district court correctly determined that it did not have the authority to reduce his sentence under § 3582(c)(2). Furthermore, § 3582 does not authorize a resentencing, or allow this Court to review whether Morrison was sentenced as a career offender in error.  See Dillon, 560 U.S. at 831.

**AFFIRMED**.