**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.  15-30054 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-06053-EFS |
| v. | |
| FIDEL RIOS, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Fidel Rios, Jr., appeals pro se from the district court's order denying his

motion to appoint counsel to pursue a sentence reduction under 18 U.S.C.

§ 3582(c)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and

remand.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Rios contends that he is entitled to a sentence reduction under Amendment 782. The district court determined that Rios was not eligible for a sentence reduction, and denied his motion to appoint counsel, because his sentence was based on the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, rather than a Guidelines range that has been lowered by Amendment 782. The district court did not have the benefit of our decision in *United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) (en banc), which was decided while Rios's appeal was pending. Applying *Davis*, we conclude that Rios is eligible for a sentence reduction.

Rios's Rule 11(c)(1)(C) plea agreement required the district court to determine Rios's applicable Guidelines range at the time of sentencing, stipulated to a drug quantity and corresponding base offense level, and provided that Rios was eligible for a three-level reduction for acceptance of responsibility. Furthermore, the sentencing court's statement of reasons shows that the court calculated a Guidelines range of 78-97 months, noted that Rios's 75-month sentence was below-Guidelines, and found that sentence appropriate in light of the 18 U.S.C. § 3553(a) sentencing factors. Thus, as in *Davis*, we conclude that Rios's sentence was based on the Guidelines and that he is eligible for a sentence reduction. *See id*. at 1027-28. Accordingly, we vacate and remand for the district

court to appoint counsel and "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In light of this disposition, we decline to consider Rios's remaining claims of error.

**VACATED and REMANDED.**