# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-10483
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2017

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO MEDINA,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-133-1

————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Alfredo Medina appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce the 480-month sentence imposed on his conviction for distributing more than 500 grams of methamphetamine. Medina contends that he is entitled to a two-level reduction in his offense level based on Amendment 782 to U.S.S.G. § 2D1.1 and that the district court denied his

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion without considering the sentencing factors enumerated in 18 U.S.C. § 3553(a).

Under § 3582(c)(2), a sentence may be modified if the defendant's term of imprisonment was based on a sentencing range later lowered by the Sentencing Commission and made retroactively available. U.S.S.G. § 1B1.10(a); *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). When considering a § 3582(c)(2) motion, the district court is to conduct a two-step analysis. *Dillon*, 560 U.S. at 826. The court must first determine whether the defendant is eligible for a reduction under § 1B1.10. *Id.* at 827. If he is, the district court must then "consider any applicable § 3553(a) factors and determine whether, in its discretion," a reduction is warranted.

Our analysis ends with the first step. Medina was held accountable for 162.84 kilograms of methamphetamine. At the time of his sentencing, the base offense level was 38 for an offense involving 15 kilograms or more of methamphetamine. U.S.S.G. § 2D1.1(c)(1) (Nov. 2009). Amendment 782 provides a base offense level of 38 for an offense involving 45 kilograms or more of methamphetamine. So the 162.84 kilograms of methamphetamine for which Medina was responsible still results in a base offense level of 38. *See* U.S.S.G. app. C., amend. 782; § 2D1.1(c)(1) (Nov. 2014). Because Medina's sentencing range was not reduced as a result of Amendment 782, the district court lacked authority to modify the term of imprisonment. *See* § 3582(c)(2); *Dillon*, 560 U.S. at 819.

AFFIRMED.