NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 2 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50114 |
| Plaintiff-Appellee, | D.C. No. 2:88-cr-00972-GHK-TJH-6 |
| v. | |
| MICHAEL HARRIS, AKA Mike Tall, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted May 16, 2019[**]
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and BAYLSON,[***] District
Judge.

Michael Harris appeals from the district court's denial of his motion for a

sentence reduction under 18 U.S.C. § 3582(c)(2). Harris argues that he is eligible

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael M. Baylson, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

for relief following amendments to the U.S. Sentencing Guidelines that have lowered the guidelines range applicable to his sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not abuse its discretion in finding that Harris's sentencing guidelines range has not, in fact, been subsequently lowered. A court deciding a § 3582(c)(2) motion must first determine whether a defendant's sentence "was based on a sentencing range that has subsequently been lowered by a retroactive amendment to the Guidelines." *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017). Harris's original offense level was 36. Thus, to be eligible for a sentence reduction, his offense level today would have to be lower than 36, which now corresponds to a drug quantity of less than 150 kilograms of cocaine. *See* U.S.S.G. § 2D1.1 (2018).

On this record, however, the district court is bound by drug quantity findings in excess of 150 kilograms. At Harris's sentencing in 1990, the district court made several statements that implicated specific drug quantities beyond its adoption of the presentence report, which had stated a quantity of 2,776 kilograms of cocaine. The district court found that, had the defendant been sentenced under the 1989 Sentencing Guidelines, "the offense level would be at 42 and the guideline range would have been increased from three hundred sixty months to life." The court

was referring to the then-newly amended 1989 Sentencing Guidelines,[1] which reflected a new maximum drug quantity base level of 42 for quantities of "1500 KG or more of Cocaine." *See* U.S.S.G. § 2D1.1 (1989). The court also remarked that "the amount of cocaine charged in the conspiracy is some five times the amount in which the preamended guideline offense was determined." This finding corresponds to at least 250 kilograms of cocaine.[2] *See* U.S.S.G. § 2D1.1 (1988). Accordingly, contrary to Harris's assertion, the sentencing court made more than a mere finding of "any drug quantity greater than 50 kilograms."

Our recent decision in *United States v. Rodriguez* does not change this result. 921 F.3d 1149 (9th Cir. 2019). In *Rodriguez*, we held that, "without an explicit and specific drug quantity finding by the original sentencing judge, drug quantities in an adopted PSR are not binding in § 3582(c)(2) proceedings." *Id.* at 1152. However, unlike in *Rodriguez*, the sentencing court made findings beyond merely adopting the presentence report. The court's comments make clear that Harris's sentence was predicated upon a drug quantity of *at least* 250 kilograms. The sentencing court need not make supplemental findings of drug quantity at this point because any "supplemental finding[] . . . 'may not be inconsistent with any

---

[1] The district court did not use these guidelines to avoid a problem with the Ex Post Facto Clause.

[2] The government argues that this was an "apparent transcription error," and should have been fifty times, not five times, to correspond to around 2,500 kilograms.

factual determinations made by the original sentencing court.'" *Id.* at 1157

(quoting *Mercado-Moreno*, 869 F.3d at 957). Because the sentencing guidelines

range applicable to Harris's sentence has not been "subsequently . . . lowered," he

is ineligible for relief. *See Mercado-Moreno*, 869 F.3d at 949.

2.      Harris's remaining procedural arguments are without merit. The

district court was unable to consider his § 3553(a) arguments after concluding that

the guidelines range applicable to his sentence has not been lowered. *See Dillon v.*

*United States*, 560 U.S. 817, 822 (2010). His objections to the supplemental

presentence report attempt to resurrect arguments that he failed to make in his

original sentencing and in his direct appeal. *See Mercado-Moreno*, 869 F.3d at

958 n.8 (holding that challenges to a presentence report's factual assertions were

waived when the defendant had not timely objected). Similarly, the other

sentencing errors that he now alleges are outside the scope of the § 3582(c)(2)

motion at hand: "Section 3582(c)(2)'s text, together with its narrow scope, shows

that Congress intended to authorize only a limited adjustment to an otherwise final

sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 826. The

district court did not abuse its discretion by declining to reach these arguments.

**AFFIRMED.**

4