NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10342 |
| Plaintiff-Appellee, | D.C. No. 1:08-cr-00124-AWI-1 |
| v. | |
| EUSTORGIO FLORES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 4, 2019**
San Francisco, California

Before: THOMAS, Chief Judge, and W. FLETCHER and MILLER, Circuit Judges.

Following a jury trial, Eustorgio Flores was convicted of four drug-trafficking offenses related to his involvement in a conspiracy to distribute methamphetamine and cocaine. He was sentenced to 324 months of imprisonment

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

on each count, to be served concurrently. Flores now appeals from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

At Flores's sentencing, the district court explained: "If I ignore the quantities in the Hawaii transactions which could easily be attributable, we still have the 1.5 or more kilos of crystal meth" from other drug transactions, "which equates to a level 38," the maximum offense level provided under the Sentencing Guidelines, U.S.S.G. § 2D1.1(c) (2010). Following the retirement of the sentencing judge, and an amendment to the Sentencing Guidelines that reduced by two levels the base offense levels associated with drug quantities, U.S.S.G. supp. app. C., amend. 782 (Nov. 1, 2014), Flores presented his motion for a sentence reduction to a different district judge. In response to that motion, the court made a supplemental finding that Flores was responsible for an additional 2.267 kilograms of methamphetamine beyond the amount that formed the basis for his initial sentence. Because the total drug quantity exceeded 4.5 kilograms, Flores's base offense level remained 38 notwithstanding Amendment 782, and Flores's guidelines range was unchanged. The court therefore deemed Flores ineligible for a sentence reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A).

1.     Flores argues that the district court was not free to revisit the drug

quantity attributable to him because the sentencing judge made a "complete" finding at sentencing. We review de novo whether the district court "may supplement the original sentencing court's drug quantity findings" when adjudicating a motion for sentence reduction under section 3582(c)(2). *United States v. Mercado-Moreno*, 869 F.3d 942, 953 (9th Cir. 2017).

In *Mercado-Moreno*, we held that a district court evaluating a motion for a sentence reduction may make supplemental drug quantity findings when "the sentencing court's quantity finding is ambiguous or incomplete." *Id.* at 954. And we explained that supplemental findings would be appropriate if the sentencing judge had "quantified only part of the amount for which [d]efendant was responsible, without making a specific finding as to the rest, because that partial amount supported the maximum base offense level at the time of sentencing." *Id.*; *accord United States v. Rodriguez*, 921 F.3d 1149, 1158 (9th Cir. 2019).

That is what happened here. As the district court correctly determined, the sentencing judge did not make a complete finding regarding the total quantity of drugs for which Flores was responsible. To the contrary, the sentencing judge expressly acknowledged that other amounts could be attributable to Flores, but that no finding was necessary because the amount attributable to Flores already exceeded the threshold for the maximum base offense level under the Drug Quantity Table in effect at the time. Under *Mercado-Moreno*, therefore, it was

appropriate for the district court to make supplemental findings in ruling on Flores's motion.

2. Flores argues that the district court should have held an evidentiary hearing before making supplemental findings. "A district court has broad discretion in how to adjudicate § 3582(c)(2) proceedings, including whether to hold a hearing when making supplemental determinations of drug quantity." *Mercado-Moreno*, 869 F.3d at 955.

We are not persuaded that a hearing was necessary. The district court "reviewed the trial transcript, the presentence report, the verdict, the third superseding indictment, and the sentencing transcript." The district court considered Flores's challenge to the credibility of one of the government's witnesses. It also explained why it disagreed with one of Flores's objections to the presentence report. Its supplemental findings were based on the evidence in the record at sentencing. Its decision reflects a reasoned consideration and rejection of Flores's objections and arguments about the disputed evidence in the record. The district court did not abuse its discretion when it determined that no hearing was necessary. *See Mercado-Moreno*, 869 F.3d at 955 ("When the district court does not consider any evidence outside of the record at sentencing, an evidentiary hearing will not always be necessary.").

3. Along similar lines, Flores argues that the Sentencing Guidelines

4

require a sentencing hearing to "resolve disputed sentencing factors." U.S.S.G. § 6A1.3(b); *see* Fed. R. Crim P. 32(i)(4). But "a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense." *Dillon v. United States*, 560 U.S. 817, 827 (2010). Proceedings under section 3582(c)(2) do not require a sentencing hearing because they involve "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Mercado-Moreno*, 869 F.3d at 956 (quoting *Dillon*, 560 U.S. at 826). Flores contends that the denial of a hearing violated due process, but he does not show how the process he received was inadequate. His drug quantity arguments were fully developed in the record reviewed by the district court.

**AFFIRMED**.