Filed 1/19/21 P. v. Martin CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B299948 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A982883) |
| v. | |
| JEROME MARTIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael E. Pastor, Judge. Affirmed.

Heather J. Manolakas, under appointment by the Court of Appeal for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Jerome Martin appeals the denial of his petition for resentencing under Penal Code section 1170.95.[1]  As defendant was not entitled to relief as a matter of law, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

**1.      *The Offenses, Conviction, and Appeal[2]***

Among multiple offenses, defendant and his codefendant were convicted of two counts of special circumstances murder and one count of attempted murder.  The circumstances of defendant's crime are not completely set out in the limited record before us.  This much is known:  "The two decedents and the surviving victim of the attempted murder, Angela Merrit, were bound at the wrists and placed in a closet.  Gasoline was poured under the closet door.  Furniture was used to barricade the door in the event the two decedents or Ms. Merrit would attempt to escape.  The gasoline was ignited and Ms. Merrit was able to

---

[1]      All undesignated statutory references are to the Penal Code.

[2]      We take our discussion of the facts from the opinion affirming defendant's conviction. (*People v. Martin* (Apr. 25, 1995, B081736) [nonpub. opn.].)  The Attorney General initially sought judicial notice of our entire file in the prior appeal, specifically attaching to the motion a copy of the prior opinion, a single jury instruction, and the reporter's transcript of the verdict.  We granted the motion, but indicated that much of the court's record had been destroyed.  As the Attorney General's brief had referred to the entirety of the jury instructions, we ordered the Attorney General to file a second request for judicial notice including all portions of the prior record on which its brief relied.  The Attorney General did so, and we granted the request. We rely on those documents in our discussion of the proceedings in the trial court.

break through the burning door.  By the time the police and firefighters arrived, the residence was fully engulfed by fire.  The two decedents were burned beyond recognition.  Ms. Merrit suffered serious burns over 75 percent of her body which required her to undergo a lengthy hospitalization and six surgeries." (*People v. Martin, supra*, B081736, p. 6.)

Defendant was charged by amended information with two counts of murder with special circumstances (§ 190.2, subd. (a)), attempted murder (§§ 664/187), arson (§ 451), robbery (§ 211), burglary (§ 459), and forcible rape (§ 261, subd. (a)(2)).  Firearm (§§ 12022, subd. (a)(1), 12022.5, subd. (a)) and great bodily injury (§ 12022.7) enhancements were also alleged.

Defendant and his codefendant were tried simultaneously before separate juries.  As relevant to this appeal, defendant was convicted of both counts of first-degree murder.  Three felony-murder special circumstances were found true – the murders were committed in the course of arson, robbery and burglary.  In addition, a multiple murder special circumstance was found true.  The prosecution sought the death penalty.  The jury hung on the issue of penalty; a mistrial was declared, and a bench trial on penalty was held.  Defendant was sentenced to life imprisonment without the possibility of parole. (*People v. Martin, supra,* B081736, p. 3.)  Defendant's conviction was affirmed on appeal.

## 2. *Defendant's Section 1170.95 Petition*

On April 11, 2019, defendant filed a form petition for resentencing under section 1170.95.  He requested counsel.

On May 13, 2019, the trial court denied the section 1170.95 petition, without appointing counsel, based on its review of the petition, the amended information, the court's minutes, the jury instructions, the verdicts, and the appellate opinion.  The court

3

concluded that defendant was ineligible for relief because (1) the jury was not instructed on natural and probable consequences; and (2) the special circumstance felony-murder findings established that the jury found defendant to be either the actual killer or an aider and abettor who acted with the intent to kill.

Defendant filed a timely notice of appeal.

## *DISCUSSION*

Senate Bill No. 1437 (SB 1437) invalidated the natural and probable consequences doctrine as it relates to murder, and narrowed liability for felony murder. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 323 (*Verdugo*) review granted Mar. 18, 2020. S260493.) It also enacted section 1170.95, providing a means by which a defendant convicted of murder under prior authority could seek resentencing under the new version of the law.

Once a section 1170.95 petition is filed, there follows a multi-step process by which the court first determines whether the petition is facially complete, and, if so, whether the petitioner has made a prima facie showing that he falls within the provisions of statutory eligibility. (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1177 (*Torres*) review granted June 24, 2020, S262011, *Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-330.) The materials which the court can review at this stage include the prior appellate opinion (*People v. Lee* (2020) 49 Cal.App.5th 254, 263, review granted July 15, 2020, S262459; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, fn. 7, review granted Mar. 18, 2020, S260598) and the jury instructions given in the defendant's trial. (*People v. Edwards* (2020) 48 Cal.App.5th 666, 674, review granted July 8, 2020, S262481.) If the court determines the petitioner is ineligible for relief as a matter of law, the petition is

4

denied at this first stage; if not, the court proceeds to the next step. (*Torres,* at pp. 1177-1178.)

There is no statutory right to counsel at this first, prima facie, stage of review.[3] (*Verdugo, supra*, 44 Cal.App.5th at p. 323. See also *People v. York* (2020) 54 Cal.App.5th 250, 257, review granted Nov. 18, 2020, S264954; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted Nov. 10, 2020, S264684.)

At the first stage, the court's inquiry is only whether the defendant is ineligible for relief under section 1170.95 as a matter of law. (*Verdugo, supra,* 44 Cal.App.5th at p. 329.) If, for example, the court's review of the record of conviction necessarily establishes the defendant was convicted on a ground that remains valid after SB 1437's amendment of murder law, the petition may be denied at this stage. (*Id.* at pp. 329-330.) But if the court "cannot rule out the possibility that the jury relied on" a theory invalidated by SB 1437, defendant has established a prima facie case of eligibility. (*People v. Offley* (2020) 48 Cal.App.5th 588, 599.)

Here, the trial court concluded defendant's conviction was based on either actual killer or direct aider and abettor liability,

---

[3] Defendant briefly argues that the denial of counsel violated his constitutional rights. He does not rely on the Sixth Amendment right to counsel, but suggests there was a violation of his due process rights because the trial court failed to follow the procedures guaranteed by section 1170.95 itself. As we conclude the statute did not require the appointment of counsel, we find no due process violation as defendant frames the issue. (Cf. *Dillon v. United States* (2010) 560 U.S. 817, 828 [no Sixth Amendment right to counsel at hearing for downward adjustment of sentence].)

rendering him ineligible for relief as a matter of law. We must determine whether defendant's murder liability instead could have been based on the natural and probable consequences doctrine or felony murder.

As to natural and probable consequences, our review of the entirety of the jury instructions confirms defendant's jury was not instructed on that theory.

As to felony murder, SB 1437 narrowed liability such that a defendant may no longer be convicted of felony murder unless he was (1) the actual killer; (2) a direct aider and abettor, or (3) a major participant in the crime who acted with reckless indifference to human life, as defined in the felony murder special circumstance. (§ 189, subd. (e).) Here, the jury found the three felony-murder special circumstances true with respect to each count of murder. More than that, defendant's jury was *not* instructed on the concept of a major participant acting with reckless indifference. Defendant's jury was instructed with the 1990 revision of CALJIC 8.80, which provided that, for the jury to find the special circumstances true, the jury must find defendant was either the actual killer or an aider and abettor who intended to kill.[4] Defendant agrees, but suggests that there may have been an additional instruction on major participant acting with reckless indifference, under a now-superseded definition of that

---

[4]     Defendant concedes that CALJIC 8.80, as given, "indicates that the jury was instructed they needed to determine if appellant was the actual killer or acted with the 'intent to kill' in order to find the special circumstance true."

6

requirement.[5]  We have reviewed the entirety of defendant's jury instructions; there was no instruction indicating the special circumstances could have been satisfied with a finding of major participant acting with reckless indifference.

### *DISPOSITION*

The order denying defendant's section 1170.95 petition is affirmed.


                                        RUBIN, P. J.

WE CONCUR:


BAKER, J.


MOOR, J.

---

[5]      The concept that the special circumstance could be satisfied by a finding that the defendant was a major participant acting with reckless indifference was added to the law by Proposition 115 in 1990.  (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 286, 297-298.)  Although defendant was tried in 1993, the murders were committed in 1989.

7