Filed 4/7/21  P. v. Twyman CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY DAWAYNE TWYMAN,<br><br>    Defendant and Appellant. | B304515, B306643<br><br>(Los Angeles County<br>Super. Ct. No.  TA139642) |

APPEAL from orders of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Beccera, Attorney General, Lance E. Winters, Chief Asssitant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Appellant appeals the denial of his petitions for resentencing pursuant to Penal Code section 1170.95.[1][2] Because we find appellant entered a plea to attempted murder, which is not named as a conviction within the remedial provisions of section 1170.95, we affirm.

On September 29, 2017, appellant Anthony Dawayne Twyman entered a plea to attempted murder and other sentencing enhancements. The trial court sentenced him to 20 years imprisonment.

On October 17, 2019, appellant filed a petition for resentencing pursuant to section 1170.95. Without appointing counsel, the trial court summarily denied the petition, finding appellant ineligible for relief because he was "not convicted of murder."

Twyman filed a timely notice of appeal. He argues the trial court's summary denial of his petition without appointing counsel violated not only the clear language of the statute, but also his state and federal constitutional rights to due process and the assistance of counsel.

Section 1170.95 allows defendants who have been convicted of murder under the theory of felony murder or the doctrine of natural and probable consequences to petition the trial court to vacate such convictions and resentence them. Section 1170.95 has been the subject of numerous appellate decisions from around

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     Appellant filed two notices of appeal from the denial of two resentencing petitions he filed. We ordered the appeals consolidated. This disposition addresses all issues raised by the denials of the two petitions.

2

the state. In particular, the timing of appointment of counsel and the eligibility of petitioners convicted of attempted murder, rather than murder, have been expressly considered. Both issues are currently before our Supreme Court. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139–1140 [trial court may deny petition without appointing counsel where the petition shows ineligibility for relief as a matter of law], review granted Mar. 18, 2020, S260598; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1104–1105 [attempted murder convictions are excluded from relief under the statute], review granted Nov. 13, 2019, S258175; see also *People v. Dennis* (2020) 47 Cal.App.5th 838, 841 [same], review granted July 29, 2020, S262184; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 222–223 [same].

We agree with the court in *People v. Lopez* that the plain language of section 1170.95 and its legislative history limit eligibility for resentencing to convictions of murder, not attempted murder, and that the limitation does not violate equal protection. (*People v. Lopez, supra*, 38 Cal.App.5th at pp. 1104–1105, 1112; see also *People v. Munoz* (2020) 39 Cal.App.5th 738, 753, review granted Nov. 26, 2019, S258234.) We also agree with the court in *People v. Lewis* that the trial court may find a petitioner ineligible for resentencing under the statute, as a matter of law, without first appointing counsel. (*People v. Lewis, supra*, 43 Cal.App.5th at pp. 1139–1140; see also *People v. Verdugo* (2020) 44 Cal.App.5th 320, 332–333 [same], review granted Mar. 18, 2020, S260493.)

Finally, we disagree that appellant's Sixth Amendment right to the assistance of counsel is violated by our interpretation of section 1170.95. A section 1170.95 proceeding is a collateral sentence modification unrelated to the criminal trial process. It

is an "act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments." (*Dillon v. United States* (2010) 560 U.S. 817, 828 [no Sixth Amendment right to jury trial in statutory proceeding to modify sentence because the statute constituted an act of lenity].)

Similarly, we disagree with appellant that his constitutional right to due process protection against the arbitrary deprivation of state-created rights is at issue. Because we find that there is no state-created right to assistance of counsel for petitioners, like appellant, who are ineligible for relief as a matter of law, there is no due process violation.

## DISPOSITION

The orders are affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



STRATTON, J.

We concur:



BIGELOW, P.J.



WILEY, J.

4