**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1494
_____

UNITED STATES OF AMERICA

v.

HORACE HENRY,
a/k/a Dale R. Morgan, a/k/a Sadekie White,
a/k/a Metro, a/k/a Kevon Haynes,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-19-cr-00231-001)
Chief District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2024
Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: November 4, 2024)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Horace Henry appeals from the District Court's order denying his motion for a sentence reduction filed pursuant to 18 U.S.C. § 3582(c)(2). We will affirm the District Court's judgment.

Henry pleaded guilty in the Middle District of Pennsylvania to conspiracy to commit mail fraud and aggravated identify theft, based on his role in a scheme to fraudulently order and intercept iPhones. The District Court sentenced Henry to an aggregate term of 12 years' incarceration, which was within the recommended range under the United States Sentencing Guidelines (USSG). This Court affirmed Henry's sentence on direct appeal, rejecting counsel's arguments based on misapplied or miscalculated sentencing guidelines.

Henry then filed three motions seeking sentence reductions pursuant to 18 U.S.C. § 3582(c)(2). **See ECF Nos. 248, 253, & 257.** The District Court denied all three motions, but it only provided reasoning regarding its denial of Henry's third motion. **See ECF Nos. 252, 254, 259, & 261.** Henry appealed from the dismissal of the second sentence-reduction motion.[1]

We have jurisdiction under 28 U.S.C. § 1291. See United States v. Thompson, 825 F.3d 198, 203 (3d Cir. 2016). We exercise plenary review over a District Court's determination that a defendant is ineligible for relief under § 3582(c)(2) based on its

---

[1] Henry appealed after the denial of his second motion and before the filing of his third motion. **See ECF No. 255.** His notice of appeal does not specifically mention which order he appeals from, but he attached the District Court's order dismissing his second motion, **see C.A. No. 1**, and his briefings reference the second motion.

interpretation of the United States Sentencing Guidelines (USSG). See id. Otherwise, we review the District Court's decision to grant or deny a motion for sentence reduction for abuse of discretion. See id. We may affirm on any basis supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

Section 3582(c)(2) authorizes a district court to reduce a defendant's sentence if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission," but only if "the reduction is consistent with applicable policy statements issued by the Sentencing Commission." For that reason, a district court proceeding under § 3582(c)(2) must first "follow the Commission's instructions in [applicable policy statement] §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." See Dillon v. United States, 560 U.S. 817, 821 (2010).[2] According to Policy Statement § 1B1.10, a sentence reduction "is not authorized under 18 U.S.C. § 3582(c)(2)" unless (1) a "covered amendment" listed at § 1B1.10(d) applies to the defendant, and (2) the amendment has the effect of lowering the defendant's applicable guideline range. See U.S.S.G. § 1B1.10(a)(2).

Here, none of the covered amendments listed at § 1B1.10(d) apply to Henry. Since Henry's sentencing on February 28, 2022, the Sentencing Commission has made only

---

[2] A district court's inquiry would not end there—after consulting §1B1.10 and any other applicable policy statements, the District Court must "consider whether the authorized reduction is warranted, in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." See Dillon, 560 U.S. at 826. But here, Henry's sentence reduction motion fails at the first step.

3

one addition to § 1B1.10(d)'s list of amendments that can be retroactively applied under § 3582(c)(2): "[Amendment] 821 (parts A and B, subpart 1 only . . .)." See U.S.S.G. § 1B1.10, historical note; U.S.S.G. app. C, Amendment 825. Parts A and B of Amendment 821 do not apply to Henry, who was not a zero-point offender and was not assigned any "status points" when he was sentenced.[3]

Moreover, Henry's underlying argument is meritless, because it would not have resulted in lowering his applicable guideline range. Henry seeks retroactive application of our decision in United States v. Banks, 55 F.4th 246 (3d Cir. 2022), that U.S.S.G. § 2B1.1(b)(1) must be calculated based on actual loss, not intended loss. See ECF No. 253 at 5-8; C.A. No. 11 at 4-5. As we observed on direct appeal, Banks has no impact on the application of 2B1.1(b)(1) in assessing Henry's advisory guideline range, because both the actual loss and total intended loss would have resulted in a 14-level increase to Henry's offense level. See United States v. Henry, No. 22-1464, 2023 WL 3221745, at *2 n.1 (3d Cir. May 3, 2023); ECF No. 230 at 41-42 & 170; ECF No. 231 at 3-6; U.S.S.G. § 2B1.1(b)(1)(H) (applying 14-level increase when a loss caused by a fraudulent scheme is greater than $550,000 and less than $1,500,000).[4]

---

[3] In an opinion denying Henry's *third* sentence-reduction motion, the District Court correctly determined that Amendment 821 does not apply to Henry, and that same reasoning applies here. See ECF No. 259 at 3-4 (explaining that Henry's guideline-sentence calculations were based on findings that he had 0 status points and 6 criminal history points).

[4] The actual loss was assessed as $705,803.03. **See ECF No. 230 at 41-42 & 170.** We reject Henry's unsupported assertion, lodged for the first time in this appeal, that the actual loss was $450,000 or less. **See C.A. No. 11 at 5.**

Accordingly, we will affirm the District Court's judgment that Henry was not entitled to a sentencing reduction under § 3582(c)(2).